**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-4645**

—————————

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 versus

JOE LOUIS HAMPTON,

 Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:04-cr-00118)

—————————

Submitted: November 15, 2006      Decided: November 20, 2006

—————————

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Marshall A. Swann, Charlotte, North Carolina, for Appellant. Kevin Zolot, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joe Louis Hampton pled guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000); one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000); and one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment in violation of 18 U.S.C. § 922(g) (2000). The district court determined that Hampton qualified for sentencing as a career offender, and his Guideline[1] range was 262 to 327 months. The Government moved for a departure based on Hampton's substantial assistance, and recommended a sentence of 240 months of imprisonment. The district court granted the motion for departure and sentenced Hampton to a total of 240 months of imprisonment. On appeal, counsel filed an Anders[2] brief, in which he states that there are no meritorious issues for appeal, but questions whether the Government breached the plea agreement by failing to recommend a greater departure from the Guideline range. Hampton was advised of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

---

[1]U.S. Sentencing Guidelines Manual (2005).

[2]Anders v. California, 386 U.S. 738 (1967).

- 2 -

Hampton did not assert at sentencing that the Government breached the plea agreement, and he must therefore demonstrate plain error before he can obtain any relief on this claim. <u>See</u> <u>United States v. Fant</u>, 974 F.2d 559, 562 (4th Cir. 1992) (applying plain error analysis in context of breach of plea agreement). In order to do so, Hampton must establish the breach was "'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" <u>United States v. McQueen</u>, 108 F.3d 64, 66 (4th Cir. 1997) (quoting <u>Fant</u>, 974 F.2d at 565). Our review of the plea agreement and the transcripts of the plea and sentencing hearings leads us to conclude that the Government did not breach the plea agreement, and Hampton is therefore not entitled to relief on this claim.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hampton's conviction and sentence. This court requires that counsel inform Hampton, in writing, of the right to petition the Supreme Court of the United States for further review. If Hampton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hampton. We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED